THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEINLY DIAZ-DIAZ, FLOR ANA ANTONIO MENDEZ, and NELSON ISRAEL JUAREZ SOSA,<br><br>Defendants. | CASE NO. CR19-0187-JCC<br><br>ORDER |

This matter comes before the Court on the Government's unopposed motion for entry of a protective order regarding discovery materials (Dkt. No. 38). Having thoroughly considered the motion and the relevant record, the Court, finding good cause, hereby GRANTS the motion and ENTERS the following protective order:

It is hereby ORDERED that the discovery materials discussed in the motion and referred to therein as "protected material," listed or marked specially as "protected material," may be produced to counsel for Defendants in this case.

It is further ORDERED that possession of protected material is limited to the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and other agents the attorneys of record retained in connection with this case (the "Defense Team"). The attorneys of record, and their investigators, expert witnesses, and other agents can review protected material

ORDER
CR19-0187-JCC
PAGE - 1

with Defendants. Defendants can inspect and review protected material, but shall not be allowed to possess, photograph, or record protected material or otherwise retain protected material or copies thereof.

It is further ORDERED that defense counsel shall not provide protected material or copies thereof to any other person who is outside his or her law office and is not a member of the Defense Team, including Defendants or their families or associates. Other members of the Defense Team also shall not provide protected material or copies thereof to any other person who is not a member of the Defense Team, including Defendants or their families or associates. Notwithstanding the terms of this order, defense counsel may provide electronic copies of any protected material to the Education Department in the Federal Detention Center at SeaTac, Washington, along with a completed copy of the FDC's Electronic Discovery and Legal Material Authorization Form. Defendants will not be permitted to have a copy of this material in their cell, but Defendants may review it at the FDC Education Department pursuant to the Bureau of Prisons and FDC SeaTac's policies and procedures.

It is hereby further ORDERED that Defendants, defense counsel, and other members of the Defense Team shall not otherwise disclose the protected material or its contents to any other person, other than as necessary for the preparation of defenses at trial and in subsequent appellate proceedings, if necessary.

This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the protected material to members of the United States Attorney's Office, federal law enforcement agencies, the Court, or witnesses in order to pursue other investigations or the prosecution in this case. Nor does it limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the protected material to the defense as necessary to comply with the Government's discovery obligations.

//

It is further ORDERED that if counsel for Defendants finds it necessary to file any documents marked as protected material, the material shall be filed under seal with the Court.

Nothing in this order shall prevent any party from seeking modification of this protective order or from objecting to discovery that it believes to be otherwise improper. In the event that compliance with this order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the order to the attention of the Government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the order to the attention of the Court by way of a motion.

Nothing in this order should be construed as imposing any discovery obligations on the Government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to list, mark, or designate any materials as provided in in this order shall not constitute a waiver of a party's assertion that the materials are covered by this protective order.

This protective order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

It is further ORDERED that at the conclusion of the case, the protected material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this protective order.

//

//

//

//

1 DATED this 14th day of November 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE